531

John H. BAILEY, Petitioner
Below, Appellant,

v.

STATE of Delaware, Respondent
Below, Appellee.

Supreme Court of Delaware.

Submitted: Feb. 28, 1983.
Decided: April 4, 1983.

Walter S. Rowland, (argued), Wilmington, for appellant.

John A. Parkins, Jr. (argued) and James B. Ropp (argued), Deputy Attys. Gen., Wilmington, for appellee.

Before McNEILLY, HORSEY and MOORE, JJ.

McNEILLY, Justice:

In 1975 defendant, John H. Bailey, was convicted of manslaughter and possession of a deadly weapon during the commission of a felony. In February, 1976 defendant was sentenced to imprisonment for 30 years for the manslaughter offense and ten years for the weapons offense. On September 8, 1980 this Court announced its decision in *Evans v. State*, Del.Supr., 420 A.2d 1186 (1980) (*Evans I*) holding that imposition of separate sentences for manslaughter and possession of a deadly weapon during the commission of a felony violated double jeopardy. On September 30, 1980 this Court pursuant to *Evans I* vacated defendant's sentences and provided that the State could elect to proceed on either the manslaughter or weapons charge at resentencing. *Bailey v. State*, Del.Supr., 422 A.2d 956 (1980). Before resentencing could take place, this Court on November 6, 1980 issued a general stay of resentencings under *Hunter v. State*, Del.Supr., 420 A.2d 119 (1980) (*Hunter I*) and *Evans I* in that the State was appealing this Court's decision in *Hunter I* and *Evans I* to the United States Supreme Court. The stay remained in effect until this Court abandoned the sentencing aspect of *Hunter I* and *Evans I* and affirmed the original February, 1976 judgment of the Superior Court *Hunter v. State*, Del.Supr., 430 A.2d 476 (1981) (*Hunter II*); *Evans v. State*, Del.Supr., 430 A.2d 481 (1981) (*Evans II*) on May 12, 1981. Following the Superior Court's reinstatement of defendant's sentences as originally imposed and defendant's appeal of that decision, this Court in an Order issued April 2, 1982 found that defendant could only be sentenced pursuant to its September 30, 1982 opinion and remanded the case to Superior Court because

this Court had lost jurisdiction to include this case within the ambit of the November 6, 1980 stay. On April 13, 1982 the State once again elected to proceed to resentencing on the manslaughter charge, and on April 23, 1982 the Superior Court reimposed the 30 year manslaughter conviction and vacated the weapons sentence. On April 26, 1982 this Court ordered another resentencing so that defendant could be present at sentencing with counsel and a presentence report could be prepared.

On May 12, 1982 defendant submitted three presentencing motions: a) that he be sentenced only on the weapons charge because he alleged that sentencing on the manslaughter charge would violate the constitutional prohibition against double jeopardy; b) that his indictment be dismissed because of denial of his right to a speedy sentencing under the United States and Delaware constitutions (and Superior Court Criminal Rule 32(a); and c) that the indictment be dismissed for the failure to impose an individualized sentence as required by Rule 32 of the Superior Court Rules of Criminal Procedure and 11 *Del.C.* § 4331. On May 21, 1982, the Superior Court reimposed Bailey's 30 years' sentence on the manslaughter charge. The Court denied the motions by a letter opinion dated May 27, 1982. On June 18, 1982, defendant docketed his appeal in No. 203, 1982, appealing the sentence and denial of the pre-sentencing motions.

On July 20, 1982 defendant filed a motion for a reduction of sentence pursuant to Rule 35(b). In support of his motion defendant cited various grounds including his good prison record; advances in personal development; and the Court's reliance on a parole eligibility date that Bailey contends was miscalculated by the State. In this motion, Bailey sought reduction of the sentence to time served, or in the alternative he sought immediate parole. The Court below denied this motion on July 22, 1982. It cited the nature of Bailey's crime as support for its conclusion that Bailey's sentence was appropriate. On August 20, 1982

defendant docketed his appeal in No. 267, 1982 appealing the denial of his Rule 35(b) motion. On September 20, 1982 this Court consolidated these two appeals.

■ Defendant contends that the 20 month delay in his sentencing violated his right to a speedy trial and as such his indictment should be dismissed. Assuming for the sake of argument that the right to a speedy trial encompasses the right to a speedy sentence, we find no violation in this case. In *Johnson v. State,* Del.Supr., 305 A.2d 622 (1973) this Court stated:

"Determination of the point at which delay in bringing a defendant to trial, or in this case, sentencing, is a violation of such a right, is not easy to fix. The Supreme Court, however, has suggested some criteria for making that determination. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. 92 S.Ct. at 2192."

Both of defendant's sentences were vacated on September 30, 1980 in reliance on *Hunter I* and *Evans I.* Before defendant could be resentenced, a general stay of all resentencings was imposed and remained in effect until May 12, 1981. The Superior Court then promptly reimposed defendant's sentences only to be reversed by this Court on April 2, 1982, at which time the Superior Court promptly reimposed defendant's sentence on May 21, 1981. While the delay was for 20 months and the defendant twice asserted his right to sentencing, this was not caused by the Superior Court's or counsel's inaction. The reason for the delay was the existence of a stay which the Superior Court reasonably believed prevented resentencing and the existence of a reimposed sentence which was ultimately reversed. As for defendant's argument that he suffered prejudice, we believe that any prejudice suffered is outweighed by the other factors given the reason for the delay, the fact that defendant had been convicted of manslaughter and that a defendant has no right to bail in a post-conviction, presen-

tence period. *State v. Flower,* Del.Supr., 330 A.2d 146 (1974).

■ Defendant next contends that the Trial Judge failed to impose an individualized sentence because he was led to believe that he had no discretion, and he, in fact, exercised no discretion in reimposing the thirty-year sentence for the manslaughter conviction on May 21, 1981. As evidence as of this defendant argues that the Trial Judge gave no consideration to the updated presentence report. While it is clear that the Trial Judge believed initially he had no discretion in resentencing defendant, this Court's Order of April 26, 1982 made it absolutely clear that he had discretion. A review of defendant's May 21, 1982 resentencing makes it clear also that the Trial Judge considered the updated presentence report but after considering the circumstances of the original offense felt that the original sentence was just and proper. Hence defendant's contention boils down to whether or not the Trial Judge abused his discretion in imposing the maximum sentence. Given our review of the record we cannot say that the Trial Judge's imposition of the maximum sentence was an abuse of discretion.

Defendant next argues that his resentencing on the manslaughter charge violates double jeopardy. Relying on *Ex parte Lange,* 85 U.S. 163, 21 L.Ed. 872 (1873) defendant states that since he has served the mandatory portion of his weapons' sentence he has completed one of two alternative punishments and to sentence him for manslaughter after he has served the mandatory portion of his weapons' offense would result in him not being fully credited under the dictates of *North Carolina v. Pearce,* 395 U.S. 711, 718, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656 (1969). This argument is without merit in that it misconstrues the decision in *Ex parte Lange,* and the facts here clearly evidence no violation of the dictates of *North Carolina v. Pearce.*

In *Ex parte Lange* the Trial Court erroneously imposed both imprisonment and fine, although the statute authorized imposition of only one or the other of these two punishments. Lange had paid the fine and served five days in prison, at which time the Trial Court resentenced him to a year imprisonment. Because Lange had paid the fine and suffered one of the alternative punishments, the power of the Court to punish him further was gone. 85 U.S. at 176. Therefore, the Court sustained Lange's plea that the new sentence imposed double jeopardy.

■ The decision in *Ex parte Lange* does not require that the defendant only be resentenced on the weapons offense. *Ex parte Lange* stands for nothing more than the well settled tenets of law that double jeopardy prohibits a defendant from being twice punished for the same offense and from receiving a greater sentence than the legislature authorized. *United States v. Di-Francesco,* 449 U.S. 117, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). At no time in the instant case was defendant twice punished for the same offense or did he receive a greater sentence than the legislature authorized. *Ex parte Lange,* therefore is inapplicable to the instant case.

■ Indeed the double jeopardy clause is in no way offended when a defendant is resentenced where one of the crimes on which the original sentence must be vacated, as long as the new sentence imposed does not exceed the sentence originally imposed for the conviction which remains and the defendant receives full credit for the time served under the original sentence. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Hunter v. State,* Del.Supr., 420 A.2d 119, 132 (1980) reversed other grounds 430 A.2d 476 (1981). See also *United States v. Di Francesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *United States v. Busic,* 639 F.2d 940 (3rd Cir.1981); *Fullman v. State,* Del.Supr., 431 A.2d 1260 (1981). In the instant case defendant was originally sentenced to 30 years for manslaughter and 10 years for the weapons offense. At resentencing defendant received 30 years for manslaughter. The effect of the resentencing was to vacate the weapons sentence and reduce defendant's sentence by 10 years. In no way can this be said to violate double jeopardy.

■ Pursuant to *North Carolina v. Pearce* defendant is to be credited with all the time served under the original sentence. In calculating defendant's earned credits for the period of time he served at institutions not located in Delaware, defendant is to be credited with all credits earned in these institutions at the rate he would have received them if incarcerated in Delaware except where these institutions give greater credit than Delaware. In this case defendant is entitled to the increased credits, if any, as a matter of fairness.

■ Turning to the issues arising out of the denial of his Rule 35(b) Motion for Reduction of Sentence, defendant argues that the May 21, 1982 sentence imposed was based on a material misrepresentation of fact. Defendant asserts that the Superior Court's statements at his sentencing on May 21, 1982 to the effect that it believed that parole was not far away constituted a misapprehension of fact. While it is correct that a sentence based on a material misapprehension of fact which places the matter in a "dramatically different light" is constitutionally defective, *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), the facts of the instant case do not indicate that the sentence was based on a material misapprehension of fact.

At resentencing on May 21, 1982, the Trial Judge stated:

"... the Court believes that the sentence I originally imposed for Manslaughter was proper and just. And I feel duty bound to reimpose that sentence. It sounds like a harsh sentence, but considering the amount of time that has passed, considering your record that you have been able to maintain while being incarcerated, I don't believe that parole is that far away for you."

This excerpt makes it clear that in sentencing the defendant the Trial Judge was not looking to a specific eligibility date. In denying the Rule 35(b) motion three months after resentencing the same Trial Judge, after being informed by the State that defendant would be eligible for parole in June, 1983, stated that he was unwilling to reduce the sentence because of the nature of the crime.

■ Defendant next argues that the Trial Judge erred in not fixing a parole date or ordering the State to calculate his earned credits. A Rule 35(b) motion does not authorize such relief, and the Trial Court's ruling was not error. *See Stirparo v. State,* Del.Super., 297 A.2d 406 (1977) aff'd Del. Supr. 310 A.2d 632 (1973).

■ Defendant's final argument is that the imposition of the maximum sentence for manslaughter and the Trial Judge's subsequent refusal to reduce the sentence violates fundamental fairness of the law of the land. Our review of the record indicates that the sentence was within the maximum term authorized by the statute, and given the circumstances of the crime we did not find that the 30 year sentence constituted an abuse of discretion on the part of the Trial Judge nor does it violate fundamental fairness.

For the above stated reasons the judgment of the Superior Court is

\*  \*  \*  \*  \*  \*

AFFIRMED.