George E. WHITE, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Oct. 31, 1989.

Decided: June 19, 1990.

Sheryl Rush–Milstead, Wilmington, for appellant.

Richard E. Fairbanks, Jr., Deputy Atty. Gen., Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, MOORE, WALSH and HOLLAND, JJ. (constituting the Court *en banc*).

MOORE, Justice:

Again we venture into the fen of legal analysis spawned by the Double Jeopardy Clause.[1] Today we reconsider whether it violates the constitutional prohibition against double jeopardy for a trial judge at resentencing to increase a defendant's sentence on one count when the defendant's sentence on another, related charge, has been vacated on appeal. When we first addressed this narrow question, we held that a trial judge was only limited in resentencing a defendant by the combined duration of the sentences imposed before appeal. *Davis v. State*, Del.Supr., 400 A.2d 292, 297 (1979). One year later, following the lead of several federal courts of appeal, we overruled *Davis* and held that a trial judge could not resentence a defendant to a term greater than the sentence originally imposed if the defendant had already begun to serve the sentence. *Hunter v. State*, Del.Supr., 420 A.2d 119, 132 (1980) (en banc), *vacated on other grounds*, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190 (1981). The latter formulation has since been abandoned by the United States Supreme Court in two decisions holding that double jeopardy is not implicated when a

---

1. Chief Justice Rehnquist once said of the Double Jeopardy Clause and its jurisprudence: "[T]his guarantee seems both one of the least understood and, in recent years, one of the most frequently litigated provisions of the Bill of Rights. This Court has done little to alleviate the confusion, and our opinions, including ones authored by me are replete with *mea culpa*'s occasioned by shifts in assumptions and emphasis." *Whalen v. United States*, 445 U.S. 684, 699, 100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (1980) (Rehnquist, J., dissenting). *See also United States v. DiFrancesco*, 449 U.S. 117, 127, 101 S.Ct. 426, 432, 66 L.Ed.2d 328 (1980).

defendant has no legitimate expectation of finality in his original sentence. *Pennsylvania v. Goldhammer*, 474 U.S. 28, 30, 106 S.Ct. 353, 353, 88 L.Ed.2d 183 (1985) (per curiam); *United States v. DiFrancesco*, 449 U.S. 117, 136–37, 101 S.Ct. 426, 437, 66 L.Ed.2d 328 (1980).

In light of these recent pronouncements, we abandon the holding of *Hunter* and readopt the rule originally announced in *Davis*.[2] We hold that the trial court's resentencing after a related charge was vacated on appeal did not violate the constitutional prohibition against double jeopardy because the appellant had no legitimate expectation of finality in his sentence. Neither did the trial court deprive the appellant of his constitutional right of due process. Accordingly, we affirm the resentencing.

## I.

George E. White robbed a bank on May 13, 1986. He was subsequently convicted by a jury in Superior Court on charges of first degree robbery, possession of a deadly weapon during the commission of a felony, and second degree conspiracy. On August 14, 1987, White was sentenced to fifteen years on the robbery charge, and to five years each on the weapons and conspiracy offenses. The first eight years of his sentence (three for the robbery and five for the weapons offense) were mandatory.

On appeal, we vacated the conviction and five-year mandatory sentence for the weapons charge, but affirmed the other convictions and sentences against White. *White v. State*, Del.Supr., 547 A.2d 131 (1988) (ORDER). We based our decision to reverse White's weapons' conviction on *LeCompte v. State*, Del.Supr., 516 A.2d 898 (1986) (*"LeCompte I"*) which first permitted separate sentencing on the offenses of first degree robbery and possession of a deadly weapon during the commission of a felony. However, our decision in *LeCompte I* was not rendered until after White had robbed the bank, and we subsequently determined that it did not apply retroactively. *State v. LeCompte*, Del. Supr., 538 A.2d 1102 (1988) (*"LeCompte II"*).

On August 5, 1988, White appeared before the Superior Court for resentencing. The trial judge vacated the weapons conviction and left the conspiracy sentenced unchanged, but he also increased the term of the robbery sentence from fifteen to twenty years. The judge then stated:

> When I sentence somebody, I take into consideration the entire nature of the offense and then determine what would be the appropriate sentence for that conduct, and depending upon the nature of the charges, apportion it among those charges.
>
> I sentenced the defendant [White] for robbery first degree, possession of a deadly weapon during the commission of a felony and conspiracy. At that time I determined that a twenty-five year sentence was appropriate, fifteen years for the robbery, knowing that the first three years was a minimum-mandatory sentence; five years for the weapon, knowing that it was a minimum-mandatory sentence; and five years for conspiracy. The Supreme Court [in *LeCompte*] ... said I ha[d] to dispose of possession of a deadly weapon during the commission of a felony. I feel that I have the power and the jurisdiction to increase the robbery sentence.

Transcript of Resentencing, at 3–4 (Aug. 5, 1988). Thus, after resentencing, White's total term of imprisonment remained twenty-five years, although the length of his mandatory incarceration was reduced from eight to three years.

---

**2.** This opinion reinstates only that portion of *Davis* addressing the problem of double jeopardy in resentencing. Specifically, *Davis* held that "[a]t resentencing, the Trial Judge will not be limited to the mandatory minimum sentence imposed initially for the attempted robbery conviction, but the sentence may not exceed the combined duration of the two terms imposed before this appeal." *Davis*, 400 A.2d at 297. We do not reinstate other portions of *Davis* that have been subsequently overruled. *See, e.g., LeCompte v. State*, Del.Supr., 516 A.2d 898, 903 (1986) (overruling "the anomaly created by *Davis v. State*, where those convicted of first degree robbery escape a cumulative sentence for a companion weapons violation, while others convicted of perhaps less serious crimes do not").

## II.

The parties concede that the arguments raised on appeal were not presented to the Superior Court. This Court generally declines to review questions not fairly presented to the trial court except when the interests of justice so require. Del. Supr.Ct.R. 8. *See also Wainwright v. State*, Del.Supr., 504 A.2d 1096, 1100, *cert. denied*, 479 U.S. 869, 107 S.Ct. 236, 93 L.Ed.2d 161 (1986). Thus, when the alleged error plainly prejudices substantial rights and jeopardizes the fairness and integrity of the trial process, we have addressed questions not raised at the trial level. *Id.; Dutton v. State*, Del.Supr., 452 A.2d 127, 146 (1982). We have similarly reviewed claims not presented to a trial court when they implicate a defendant's basic constitutional rights. *Deputy v. State*, Del.Supr., 500 A.2d 581, 589 (1985), *cert. denied*, 480 U.S. 940, 107 S.Ct. 1589, 94 L.Ed.2d 778 (1987); *Flamer v. State*, Del.Supr. 490 A.2d 104, 112, *cert. denied*, 464 U.S. 865, 104 S.Ct. 198, 78 L.Ed.2d 173 (1983). Because White's claims are based upon such important constitutional rights, we will consider the issues he raises even though they were not raised below.

White generally contends that the trial court committed plain error in resentencing him to an additional five years for robbery after we had ordered his five-year weapons sentence vacated. White first argues that the increase in his robbery sentence violates the rule against double jeopardy established in *Hunter v. State*. According to White, *Hunter* established a firm rule that a defendant's sentence may never be increased after he begins to serve it. 420 A.2d at 132. In addition, White argues that principles of fairness inherent in the Due Process Clause similarly limit a trial court's power to enhance punishment after it commences. *See United States v. Lun-*

*dien*, 769 F.2d 981, 986 (4th Cir.1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986).

The State maintains that none of White's constitutional rights were violated and urges us to affirm White's resentencing. With respect to White's double jeopardy claim, the State contends that a trial judge is entitled to reinstate his original sentencing plan when it is disturbed on appeal. As to *Hunter*, the State claims that recent decisions of the United States Supreme Court have upset *Hunter*'s rationale, and urges us to reinstate the rule for resentencing announced in *Davis v. State*. As to White's claim that he was denied due process of law, the State notes that *Lundien*, the primary case cited by White, does not prevent trial judges from enhancing sentences in all cases, but only prohibits vindictive resentencing. Since the record contains no evidence of impropriety or vindictiveness, the State argues that *Lundien* is inapplicable. We address the two issues raised by the parties in turn.

## III.

■ The Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person "shall ... be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. *See also* Del. Const. art I, § 8.[3] The United States Supreme Court has described the rationale underlying the Clause as follows:

The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.... The underlying idea, one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is

---

**3.** The language of the Delaware Constitution parallels the federal provision. It provides: "[N]o person shall be for the same offense twice put in jeopardy of life or limb ..." Del. Const. art. I, § 8. Although we have previously observed that the federal and state double jeopardy provisions are similar, we have not yet been required to determine whether they are identical in scope in all respects. *See Evans v. State*,

Del.Supr., 445 A.2d 932, 933 (1982); *Hunter*, 420 A.2d at 124 & 130 n. 6; *State v. Heitter*, Del. Supr., 203 A.2d 69, 71 (1964). This case does not require us to make that determination either. For convenience, therefore, this opinion will generally refer to both federal and state constitutional provisions as the Double Jeopardy Clause.

that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*DiFrancesco*, 449 U.S. at 127–28, 101 S.Ct. at 432 (quoting *Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957)). The constitutional prohibition against double jeopardy similarly extends to punishments that would follow from a second conviction for the same offense. *Id.* 449 U.S. at 129, 101 S.Ct. at 433 (quoting *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 173, 21 L.Ed. 872 (1874)). Thus, the Double Jeopardy Clause protects against both multiple prosecutions and multiple punishments for the same offense. *See DiFrancesco*, 449 U.S. at 129, 101 S.Ct. at 433 (quoting from *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). We are concerned here with the protection against multiple punishments.

One of the earliest cases to discuss the question of double jeopardy for multiple punishments was *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874). Lange was convicted of stealing mail bags, a federal crime punishable by imprisonment of not more than a year *or* by fine of ten to two hundred dollars. Lange was sentenced, however, both to one year in prison *and* to a $200 fine. He paid the fine, went to prison, and filed a writ of habeas corpus. The sentencing judge then attempted to modify his original sentence to one year in prison, but the Supreme Court declared the sentence void and ordered Lange released. Since Lange had already suffered one of the alternative punishments prescribed by the statute, it reasoned that "the power of the court to punish further was gone." *Ex parte Lange*, 85 U.S. (18 Wall.) at 176. Such punishment was absolutely prohibited, the Court held, because Lange was "not only put in jeopardy twice, but put to actu-al punishment twice for the same thing." *Id.* at 175.

In comparison to recent cases, *Lange* was factually unremarkable. Its prominence as a double jeopardy case arose from subsequent judicial extrapolations of its holding. In *United States v. Benz*, 282 U.S. 304, 307–08, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931), the Supreme Court announced that *Lange* stood for the principle that a trial judge was constitutionally prohibited from increasing a defendant's sentence after he had begun to serve it. This dicta—*Benz* involved a trial court's decision to *reduce* a defendant's sentence after he had begun to serve it—was not supported by *Lange*, but was subsequently adopted by numerous federal and state courts, including Delaware. *See Reid v. Covert*, 354 U.S. 1, 37–38 n. 68, 77 S.Ct. 1222, 1241 n. 68, 1 L.Ed.2d 1148 (1957); *Hunter*, 420 A.2d at 132; *United States v. DiFrancesco*, 604 F.2d 769 (2d Cir.1979), *rev'd*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *United States v. Turner*, 518 F.2d 14 (7th Cir.1975); *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974); *Chandler v. United States*, 468 F.2d 834 (5th Cir.1972); *United States v. Welty*, 426 F.2d 615 (3d Cir.1970); *United States v. Adams*, 362 F.2d 210 (6th Cir.1966). *See also generally* Annotation, *Power of State Court, During Same Term, to Increase Severity of Lawful Sentence—Modern Status*, §§ 3, 8 & 9, 26 A.L.R.4th 906 (1983 & Supp.1989); Note, *Resentencing on Surviving Valid Counts After a Successful Appeal: A Double Jeopardy and Due Process Analysis*, 69 Cornell L.Rev. 342 (1984).

Beginning in 1947, the Supreme Court began to retreat from the *Lange–Benz* line of cases. In *Bozza v. United States*, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818(1947), it held that double jeopardy was not violated when a trial judge recalled a defendant and modified his sentence to comport with the minimum punishment required by statute. The Court stated that "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Id.* at 166–67, 67 S.Ct. at 649. In *North Carolina v. Pearce*, 395 U.S. 711, 89

S.Ct. 2072, 23 L.Ed.2d 656 (1969), it held that unless a conviction was reversed on appeal because of insufficiency of the evidence, a trial judge could impose a more severe sentence after a new trial and reconviction without violating double jeopardy.[4] *See also Greene v. Massey,* 437 U.S. 19, 24, 98 S.Ct. 2151, 2154, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 16, 98 S.Ct. 2141, 2149, 57 L.Ed.2d 1 (1978). The Court reasoned that when a new trial is ordered, "the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean." *Pearce,* 395 U.S. at 721, 89 S.Ct. at 2078. Thus, jeopardy does not attach.

In recent decisions, the Supreme Court has signalled a complete abandonment of the *Lange–Benz* rational. *See Goldhammer,* 474 U.S. at 29–30, 106 S.Ct. at 353–54; *DiFrancesco,* 449 U.S. at 138–39, 101 S.Ct. at 438–39. In *DiFrancesco,* it noted that "[t]he holding in *Lange,* and thus the dictum in *Benz,* are not susceptible of general application. We confine the dictum in *Benz* to *Lange's* specific context." *Id.* 449 U.S. at 139, 101 S.Ct. at 438. In *DiFrancesco,* the Court considered whether a federal statute, specifically authorizing the government to seek review of sentences imposed against dangerous special offenders, violated the prohibition against multiple punishments. The Court first observed that the Double Jeopardy Clause did not bar an appeal by the government in a criminal case where explicit statutory authority exists and there is no threat of successive prosecutions. *Id.* at 131–32, 101 S.Ct. at 434–35. It then posed the issue as "whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal." *Id.* at 132, 101 S.Ct. at 435.[5] Relying on *Bozza* and *Pearce,* the Court

stated generally that "a sentence does not have the qualities of constitutional finality that attend an acquittal." *Id.* 449 U.S. at 134, 101 S.Ct. at 436. It went on to compare resentencing to revocations of parole, concluding that "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137, 101 S.Ct. at 437. Applying this conclusion to the facts, the Court held that because the defendant was deemed to have knowledge of the statute specifically authorizing government appeals, he had no legitimate expectation of finality in his sentence until the appeal was concluded or the time for appeal expired. *Id.* at 136, 101 S.Ct. at 437. *See also Goldhammer,* 474 U.S. at 30–31, 106 S.Ct. at 354 (remanding for consideration of whether Pennsylvania law authorized the State to obtain review of sentences).

The legal analysis employed in *DiFrancesco* significantly altered the judicial approach to double jeopardy resentencing cases.[6] Prior to *DiFrancesco,* courts generally disfavored resentencing because of the potential for abuse. Most decisions tipped the balance in favor of defendants. *See* Note, at 343, nn. 6 & 7. After *DiFrancesco,* it appears that the mere potential for abuse is not enough; a defendant must have a legitimate expectation of finality in his original sentence. Note, at 345. *See also DiFrancesco,* 449 U.S. at 137, 101 S.Ct. at 437; *Goldhammer,* 474 U.S. at 30, 106 S.Ct. at 354. Courts now state that "there no longer exists a *per se* rule that prohibits a court from increasing a defendant's sentence after service has begun." *E.g., United States v. Fogel,* 829 F.2d 77, 86 (D.C.Cir.1987). Indeed, in cases such as this, where a defendant has successfully appealed convictions on the ground that

---

**4.** The Court noted that although a more severe sentence after reconviction may survive double jeopardy analysis, it must also withstand scrutiny under the Due Process Clause. *See Pearce,* 395 U.S. at 725–26, 89 S.Ct. at 2080–81. *See also generally infra,* section IV.

**5.** Alternatively, the Court framed the question as whether the imposition of a sentence should

be deemed the implied acquittal of any greater sentence. *Id.* 449 U.S. at 133, 101 S.Ct. at 435.

**6.** Nothing in recent Supreme Court decisions involving double jeopardy claims alters the analytical approach employed in *DiFrancesco. See Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).

they were lesser included offenses of other valid convictions, courts now generally hold that "the Double Jeopardy Clause does not preclude increasing the sentence on the remaining offense to effectuate the sentencing judge's original intent, even though the defendant has already begun serving the sentence." *United States v. Bello*, 767 F.2d 1065, 1070 (4th Cir.1985). *See also United States v. Bentley*, 850 F.2d 327, 328 (7th Cir.), *cert. denied*, 488 U.S. 970, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988); *United States v. Crawford*, 769 F.2d 253 (5th Cir. 1985), *cert. denied sub nom., Waggoner v. United States* 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986); *McClain v. United States*, 676 F.2d 915, 918 (2d Cir.), *cert. denied*, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *United States v. Busic*, 639 F.2d 940, 950 (3d Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981); *State v. Rodriguez*, 97 N.J. 263, 478 A.2d 408, 412–13 (1984). *Cf. Bailey v. State*, Del.Supr., 459 A.2d 531, 534 (1983); *Fullman v. State*, Del.Supr., 431 A.2d 1260, 1263 (1981).

With this background, we now consider our own decisions. In *Davis v. State*, this Court determined that a defendant charged with attempted robbery at knifepoint could not be sentenced to consecutive prison terms under then-existing criminal statutes for both attempted first-degree robbery and possession of a deadly weapon during the commission of a felony. 400 A.2d at 297. This was the principal ruling in the case, and we vacated the defendant's weapons conviction and remanded for resentencing. In so ruling, the Court also stated: "At resentencing, the Trial Judge will not be limited to the mandatory minimum sentence imposed initially for the attempted robbery conviction, but the sentence may not exceed the combined duration of the two terms imposed before this appeal." *Id.* No cases were cited in support of this proposition except to note that such a limi-

tation on resentencing appeared consistent with *Pearce*. *Id.*

One year later in *Hunter v. State*, the Court reconsidered *Davis*. Although it reaffirmed *Davis'* principal holding, its rule with respect to resentencing was overturned.[7] Reasoning that *Pearce* was factually and legally distinguishable, the Court followed the rule of other federal and state courts prior to the Supreme Court's decision in *DiFrancesco*. It stated:

> The proper rule to apply is the one which prohibits increasing a sentence after a defendant has commenced to serve it. In *United States v. Turner*, 7 Cir., 518 F.2d 14 (1975), the Court said:
>
> > "The law is well settled that increasing a sentence after the defendant has commenced to serve it is a violation of the constitutional guaranty against double jeopardy. [citations omitted]"
>
> *Compare Chandler v. United States*, 5 Cir., 468 F.2d 834 (1972); *United States v. Welty*, 3 Cir., 426 F.2d 615 (1970); *United States v. Adams*, 6 Cir., 362 F.2d 210 (1966); *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974); 4 Wharton's Criminal Procedure (12 ed.) § 611.
>
> Thus, any post-appeal sentence imposed in a *Davis*-type case may not exceed the sentence originally imposed for the conviction which remains, if the defendant has begun to serve the sentence. Any ruling to the contrary in the *Davis* opinion is abandoned.

*Hunter*, 420 A.2d at 132.

As the foregoing analysis makes clear, *Hunter*'s resentencing rule is no longer consistent with the decisions of the United States Supreme Court, or the decisions of federal and state courts which it cited. *Hunter* adopted the rationale of the *Lange–Benz* line of cases which the United States Supreme Court abandoned in *DiFrancesco* and *Goldhammer*. The supporting cases cited in *Hunter*, including decisions in the United States Courts of

---

7. The primary ruling in both *Davis* and *Hunter* was subsequently vacated by the United States Supreme Court and modified on remand. *Hunter v. State*, 450 U.S. 991, 101 S.Ct. 1689, 68 L.Ed.2d 190, *modified on remand*, Del.Supr., 430 A.2d 476 (*en banc*), *cert. denied*, 454 U.S. 971, 102 S.Ct. 519, 70 L.Ed.2d 390 (1981). However, *Hunter*'s holding with respect to resentencing was not overturned at that time.

Appeal for the Seventh, Fifth, and Third Circuits and the Pennsylvania Supreme Court, have similarly been abandoned. *See Bentley,* 850 F.2d at 328 (abandoning *Turner*); *Crawford,* 769 F.2d at 258 (abandoning *Chandler*); *Busic,* 639 F.2d at 950 (abandoning *Welty*); *Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280, 1293 (1986) (abandoning *Brown*). *See also Bello,* 767 F.2d at 1070; *McClain,* 676 F.2d at 918; *State v. Martin,* 121 Wis.2d 670, 360 N.W.2d 43, 47–49 (1985); *State v. Rodriguez,* 97 N.J. 263, 478 A.2d 408, 412–13 (1984). We are convinced by the logic of these decisions.

We thus abandon *Hunter*'s rule of double jeopardy for resentencing, and return to the limitation stated in *Davis.*[8] After a related sentence has been vacated on appeal, a trial judge may resentence a defendant up to the combined duration of the original sentences without violating the constitutional prohibition against double jeopardy.[9] Under these circumstances, when the defendant challenged his robbery and weapons convictions on double jeopardy grounds, he had no legitimate expectation of finality in his original sentence. The counts were completely interdependent, as White's own appeal on double jeopardy grounds makes clear. Moreover, the transcript of resentencing reflects the trial judge's concern about his original sentencing plan.

White's lack of any legitimate expectation of finality in his sentence arises from this Court's prior decision in *Hunter v. State.* *Hunter* was decided under the Double Jeopardy Clause of the United States Constitution. The only reference in *Hunter* to Delaware's Double Jeopardy Clause was contained in a footnote which stated: "Because of the construction we have placed on the federal constitutional provisions ... we need not decide the scope of [the Delaware] provisions at this time." *Id.* at 130. When the United States Supreme Court subsequently altered its legal

analysis of the Double Jeopardy Clause in *DiFrancesco,* it abandoned the rationale supporting *Hunter.* That fact was emphasized by decisions in both federal and state courts which overruled cases this Court relied on in *Hunter.* Since *DiFrancesco* and almost all of the other decisions were issued *before* White robbed the bank, White must be charged with knowledge of these significant changes in the law. *Cf. DiFrancesco,* 449 U.S. at 136, 101 S.Ct. at 437 (defendant charged with knowledge of statute expressly authorizing government to appeal sentencing determinations). In light of these significant changes in legal analysis, *Hunter* is an anomaly and must be overruled.

## IV.

■ White also contends that his resentencing violates principles of fairness under the Due Process Clause. He relies primarily upon *United States v. Lundien,* where the court declared that "there must be some limitation on the power of the trial court to enhance punishment by resentencing after the Defendant's commencement of service." 769 F.2d at 986. Based on *Lundien,* White essentially repeats his double jeopardy argument that it was fundamentally unfair to resentence him after he had served almost a year of his original robbery sentence.

Due process imposes some limitations on a judge at resentencing after an appeal. In *Pearce,* the Supreme Court stated:

Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he received after a new trial ...

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must af-

---

8. We see no basis here for expanding Delaware's Double Jeopardy Clause to support *Hunter*'s resentencing rule, and thus follow the rationale applicable to the federal constitutional provision.

9. This rule is subject, of course, to the further limitation that no sentence may exceed the limits set by statute as to the surviving conviction or convictions.

firmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Pearce*, 395 U.S. at 725–26, 89 S.Ct. at 2080–81 (footnote omitted). *See also Wasman v. United States*, 468 U.S. 559, 564–65, 104 S.Ct. 3217, 3221, 82 L.Ed.2d 424 (1984). This rule does not, however, prevent a judge from resentencing a defendant after appeal when the new sentence is no greater than the original. *United States v. Cataldo*, 832 F.2d 869 (5th Cir. 1987), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988); *United States v. Hagler*, 709 F.2d 578, 579 (9th Cir.), *cert. denied*, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983). *See also Bentley*, 850 F.2d at 329–30. *Cf. Bello*, 767 F.2d at 1066–69. That is exactly what happened here. White's total sentence of twenty-five years remained unchanged after resentencing, except that the mandatory portion of his sentence was reduced from eight to three years. Because the original sentencing was not increased, indeed the mandatory portion was reduced, there is no presumption of vindictiveness. Thus, White's due process claim must fail. The same rationale that now guides our double jeopardy analysis—whether White had a legitimate expectation of finality in his sentence—guides us here. We see no due process violation.

### V.

In conclusion, we find that the trial court neither subjected White to double jeopardy nor denied him due process when it decided to resentence him to twenty years for robbery after his weapons sentence had been vacated on appeal. The constitutional prohibition against double jeopardy is not implicated when a defendant charged with multiple crimes successfully appeals a conviction on double jeopardy grounds and the trial court resentences the defendant within the combined duration of the original sentences imposed. Under these circumstances White had no legitimate expectation of finality in his original sentence. Similarly, because the new sentence did not exceed the original sentence imposed, there is no presumption of vindictiveness and no due process violation.

Accordingly, the judgment of the Superior Court, sentencing the appellant to twenty years for robbery and five years for conspiracy is AFFIRMED.