Chyanne DABNEY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 292, 2008.

Supreme Court of Delaware.

Submitted: Oct. 29, 2008.
Decided: Jan. 14, 2009.

Nicole M. Walker, Office of the Public Defender, Wilmington, Delaware, for appellant.

James T. Wakley, Department of Justice, Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

STEELE, Chief Justice.

After vacating Chyanne Dabney's conviction of Rape Second Degree, we remanded to the Superior Court for resentencing on his convictions of Sexual Exploitation of a Child, Sexual Solicitation of a Child, and Possession of Child Pornography. The trial judge originally sentenced Dabney to a total of sixteen years at Level V incarceration. That sentence included the ten year minimum mandatory for the Rape conviction, plus six years total for three Sexual Exploitation of a Child convictions, followed by decreasing levels of supervision for the remaining convictions. On remand, the trial judge increased Dabney's sentence on Sexual Exploitation of a Child from six years to 12 years and left the remainder of his sentence unchanged.

On appeal, Dabney argues that the trial judge resentenced him with a closed mind, did not cite objective reasons for the more severe sentence, and did not support the sentence with facts in the record. We find no merit to Dabney's contentions. Therefore, we affirm.

## FACT AND PROCEDURAL BACKGROUND [1]

In November 2005, Dabney's girlfriend, Maribel Pagan, found a black bag in Dabney's closet containing a vibrator and three Polaroid pictures of Dabney's 12 year old daughter, Meghan,[2] posing naked with the vibrator. Pagan ran home and called the police, who executed a search warrant at Dabney's home. The police found the vibrator in a plastic bag in the closet, as well as a Polaroid camera, a green towel, and female clothing visible in the photos. DNA tests revealed both Dabney's and Meghan's DNA on the base of the vibrator. Dabney later wrote to Pagan and admitted that he had taken the photos of Meghan.

After a trial, a Superior Court jury convicted Dabney on one count of Rape, three counts of Sexual Exploitation of a Child, three counts of Sexual Solicitation of a Child, and three counts of Possession of Child Pornography. The trial judge sentenced Dabney to sixteen years at Level V, ten of which represented the minimum mandatory sentence for the Rape conviction. The remainder of the sentence was two years per count (to be served consecutively) with each of the charges running concurrently. At Dabney's first sentencing hearing, the trial judge stated that she intended to impose a sentence whereby Dabney would only be released when his children were well into adulthood. Dabney appealed the Rape conviction, arguing that the State violated his right to a speedy trial. We found merit to Dabney's appeal and remanded to the Superior

---

1. We rely, in part, on our recitation of the facts in Dabney's prior appeal. *See Dabney v. State (Dabney I)*, 953 A.2d 159, 160–63 (Del. 2008).

2. A pseudonym has been substituted for the victim's name pursuant to Supreme Court Rule 7(d).

Court for "dismissal of the Rape Second Degree Charge and resentencing on the remaining charges." [3]

On remand, the trial judge sentenced Dabney to twelve years at Level V incarceration followed by probation. The trial judge explained her rationale:

> [W]ith the deletion of the conviction of the Rape Second Degree, it is my prerogative to resentence, mindful of the nature of the crime and mindful of the convictions that were returned, except for the Rape in the Second Degree; and certainly, the one thing that has not changed is the harm that has been inflicted.

For those reasons, the trial judge increased Dabney's sentence on the three counts of Sexual Exploitation of a Child to four years on each count (as opposed to the original two years for each count). She did not alter the remainder of Dabney's sentence. This appeal followed.

### ANALYSIS

Dabney raises several arguments challenging the trial judge's second sentencing decision. He asserts that the trial judge: (1) sentenced him with a closed mind; (2) failed to provide objective reasons to support a more severe sentence; and (3) relied on facts not in the record to support the sentence. We find no merit to these arguments.

■ We limit our review to "whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind." [4]

■ Dabney argues that the trial court sentenced him with a closed mind because it failed to consider his remorse. "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character of the defendant." [5] It is not "improper for a sentencing judge to mount the bench with some preconceived notion about the proper sentence to be imposed, but ... it is quite improper for him at that point to have closed his mind upon the subject." [6] In *Weston v. State*, we determined the trial judge remained open minded because he listened to the defendant's various excuses for violating his probation.[7] Here, the trial judge listened at length during the second sentencing hearing to Dabney's claims of remorse, considered both attorneys' arguments, and asked whether the victim wanted to make a statement. Because the trial judge heard from Dabney and other witnesses, she clearly did not sentence with a closed mind.

■ Relying on *Jacobs v. State*,[8] Dabney also asserts that the trial judge erred by not citing objective reasons, unavailable at the first sentencing, to support the more severe second sentence. In *Jacobs*, we held that "[t]here is no constitutional prohibition against imposing a greater sentence for a subsequent conviction after a successful appeal by a criminal defendant of the first." [9] We concluded that a judge may impose a greater sentence for an earlier conviction, if the trial judge explains

---

3. *Dabney I*, 953 A.2d at 169.

4. *Weston v. State*, 832 A.2d 742, 746 (Del. 2003) (citations omitted).

5. *Id.*

6. *Osburn v. State*, 224 A.2d 52, 53 (Del.1966).

7. 832 A.2d at 746.

8. 358 A.2d 725 (Del.1976).

9. *Id.* at 729 (citing *North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)).

the rationale on the record and the decision is based on the defendant's conduct after the original sentencing.[10]

Dabney's reliance on *Jacobs* is misplaced. The *Jacobs* rule applies where the total sentence in the second sentencing exceeds the total sentence in the first sentencing. That is not this case. Here, the trial judge increased the sentence for the three counts of Sexual Exploitation of a Child at the second sentencing hearing but the second sentence of twelve years incarceration is not more severe than the original sixteen year sentence.

In *White v. State*,[11] we decided a factually similar case. In *White*, the trial judge sentenced White to five additional years on a Robbery charge after his appeal successfully overturned a five year sentence for a Weapons Charge.[12] We affirmed White's second sentence, concluding that a trial judge need not cite to the defendant's identifiable conduct occurring after the first sentencing hearing, if "the new sentence is no greater than the original."[13]

As in *White*, the trial judge here did not need to cite any identifiable conduct occurring after the first sentencing to increase the sentence on the Sexual Exploitation of a Child charges because this new sentence does not exceed the original sentence.

Dabney also contends that the trial judge relied on facts not in the record, specifically, the trial judge's reference to "the harm that has been inflicted." He argues that, because Meghan never testified or made any statements to investigators, there is no evidence that Dabney harmed her. Under D.R.E 201, judges may take judicial notice of facts that "cannot reasonably be questioned."[14] Here, the trial judge obviously concluded that Dabney's criminal acts harmed and continue to harm Meghan. We find that conclusion unremarkable and find no merit to Dabney's contention.

### CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is affirmed.

---

10. *Id.*

11. 576 A.2d 1322 (Del.1990).

12. *Id.* at 1323.

13. *Id.* at 1329 (citations omitted).

14. D.R.E. 201.