IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMIL BIDDLE, | § | |
| | § | No. 239, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1010010028 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 5, 2017
Decided: April 12, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**ORDER**

This 12th day of April 2017, upon consideration of the brief under Supreme Court Rule 26(c) and motion to withdraw filed by the appellant's counsel, the State's response, the record on appeal, and the record in a case related to the appeal,[1] it appears to the Court that:

(1) In 2011, the appellant, Jamil Biddle, pled guilty to robbery in the first degree and was sentenced to ten years in prison suspended after three years for two years of probation. As part of the sentence, the Superior Court imposed a special

---

[1] To the extent necessary as reflected in this Order, the Court has taken judicial notice of the proceedings in *State v. Biddle*, Del. Super., Cr. ID No. 1411015832.

zero tolerance condition for a violation of probation ("VOP"). On April 26, 2016, Biddle was found guilty of VOP and was sentenced to three years of unsuspended incarceration followed by six months of work release and one year of probation. This appeal followed.

(2) On appeal, Biddle's counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel provided Biddle with the motion to withdraw and brief in draft form and advised him that he could submit written points for the Court's consideration. Biddle submitted points that are included in the brief. The State has filed a response to the points and has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[2] Also, the Court must conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 82.

2

(4)     Biddle was charged with VOP following his 2014 arrest and indictment on charges that included possession of a gun and possession of ammunition.[4] Biddle's trial on those charges was delayed until February 2016 because the State did not adhere to its discovery deadlines with respect to DNA testing. As a consequence for the delay, the Superior Court ruled that when the DNA testing was completed, only the defense would be allowed to use the DNA report at trial. When the DNA test results turned out to be inculpatory, however, the defense chose not to introduce the report at trial. At the conclusion of trial, the jury acquitted Biddle of the gun and ammunition charges and convicted him on the other charges. On April 26, 2016, the Superior Court sentenced Biddle to a total of three months of unsuspended incarceration followed by one year of probation.

(5)     After sentencing, the Superior Court held a VOP hearing, found Biddle guilty, and imposed the three-year sentence. When imposing the sentence, the Judge addressed Biddle as follows:

> All right. Well, now I – I'll note a couple of things, Mr. Biddle: You're – unfortunately, you know, the pattern of your conduct shows nothing other than the fact that you're not amenable to community supervision. I sat through your trial. I saw how you were fleeing from the police and disregarding their lawful orders for you to pull over, going faster than 90 miles an hour, speeding through an apartment complex where you only crashed into somebody's car. You know, there's certainly – there was certainly some credible evidence presented at trial that you possessed a handgun, although the Court respects the fact that the jury did not find beyond a reasonable [doubt], based, on the evidence that

---

[4] *Supra* note 1.

3

was put forward, that you possessed a handgun. But, you know, the fact of the matter is, your DNA was on that gun. And, you know, this is happening six months after you were released from a three-year robbery sentence, a sentence for which [the court] put a zero tolerance [for] a violation of probation condition on your sentence because of your prior issues.[5]

(6) On appeal, Biddle claims that the VOP sentence is illegal because it was based on the DNA report that was ruled inadmissible at trial and therefore was unreliable. Biddle further contends that the VOP sentence violated principles of Double Jeopardy and the Eighth Amendment's prohibition against cruel and unusual punishment, and that the sentence exceeded the Sentencing Accountability Commission's (SENTAC) guidelines. Finally, Biddle contends that the Judge imposed the VOP sentence with a closed mind. None of Biddle's claims has merit.

(7) The Superior Court may properly consider reliable information when determining an appropriate sentence, including "information regarding other, unproven crimes."[6] In this case, the Superior Court did not rule that the DNA report was inadmissible at trial, only that the State was precluded from using the report. There is no indication that the report was inaccurate or unreliable.

(8) The VOP sentence did not violate principles of Double Jeopardy and the Eighth Amendment. The sentence was neither excessive nor grossly

---

[5] VOP Tr. at 50–51 (April 26, 2016).
[6] *Walsh v. State*, 2012 WL 6018707, at *2 (Del. Dec. 3, 2012) (quoting *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992)).

disproportionate.[7] Indeed, the Superior Court could have imposed a tougher sentence by requiring Biddle to serve the entire length of the suspended prison term.[8]

(9) The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense.[9] It is not implicated when conduct that led to a conviction and sentence on new criminal charges also formed the basis for a VOP finding of guilt and VOP sentence.[10] Furthermore, it is well-settled that the SENTAC guidelines are non-binding and do not provide a basis for appeal of a sentence that is within the statutory authorized limits, as in this case.[11]

(10) When imposing the VOP sentence, the Superior Court properly considered Biddle's difficulty complying with the conditions of community supervision, the circumstances leading to his arrest and indictment in 2014, and the DNA report that supported a finding that Biddle possessed a gun when he was arrested. "A judge sentences with a closed mind when the sentence is based on a preconceived bias without consideration of the nature of the offense or the character

---

[7] *Wallace v. State,* 956 A.2d 630, 639 (Del. 2008) ("The Eighth Amendment has been interpreted to prohibit only punishments that are disproportionate to the crime or are excessive.")

[8] 11 *Del. C.* § 4334(c) (Supp. 2017).

[9] *White v. State,* 576 A.2d 1322, 1325 (Del. 1990) (citing *United States v. DiFrancesco,* 449 U.S. 117, 129 (1980)).

[10] *Holmes v. State,* 2014 WL 3559686, at *3 (Del. July 17, 2014) (citing cases).

[11] *Speese v. State,* 2016 WL 5539887 (Del. Sept. 29, 2016) (citing *Siple v. State,* 701 A.2d 79, 83 (Del. 1997)).

5

of the defendant."[12] In this case, the record does not reflect any evidence of a closed mind on the part of the sentencing judge.

(10)    In short, Biddle's acquittal on the gun and ammunition charges did not preclude the Superior Court from considering the DNA report when determining an appropriate sentence for the VOP.[13] Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal," the Court is satisfied that Biddle's counsel made a conscientious effort to examine the record and the law and properly determined that Biddle could not raise a meritorious claim on appeal.[14]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

Justice

---

[12] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[13] *Cf. Cruz v. State*, 990 A.2d 409 (Del. 2010) (affirming VOP conviction and sentence notwithstanding probationer's acquittal of new criminal charges on which VOP was based).
[14] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

6