**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D.: 2105000955 |
| | ) | |
| STEVEN JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

And now, this 23rd day of January, 2025, the Court enters the following Order:

1.    The Defendant pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Reckless Endangering Second Degree. The PFBPP, as pled and sentenced, carried a 10 year minimum mandatory sentence by virtue of his 2 prior "violent" felony convictions.[1] He was sentenced to 10 years in prison on that count and a suspended 2 years on the reckless endangering count.

2.    Thereafter, he petitioned the Court for relief under Rule 61, arguing that counsel was ineffective for failing to notify him of the time limitations for moving under Rule 35 to correct his sentence and that the PFBPP statute was unconstitutional. The Court denied relief and he appealed.

---

[1] 11 *Del. C.* §1448(e)(3).

3.    While his appeal was pending, Jackson sought a remand to Superior Court to present an argument that he was not subject to the 10 year minimum mandatory sentence under section 1448(e)(3)(c) because although there were 2 violent felonies that occurred at different times, they resulted in a plea and sentencing on single date.  He was thus not "convicted on 2 or more separate occasions."

4.    After reviewing the record, the Court agreed with the Defendant.  As a result, he was called in for resentencing.  At that sentencing, the Court noted that the Defendant not only possessed a firearm as a prohibited felon, but he fired it while engaged in some sort of road rage incident – thus giving rise to the guilty plea to reckless endangering – and this had a tendency to aggravate the circumstances of his possession.  Thus, while the mandatory sentence went from 10 years to 5 years as a result of the single prior violent felony conviction, the Court felt 5 years was less than appropriate.  The Court then sentenced the Defendant to 10 years suspended after 7 years on the PFBPP charge and kept the suspended sentence on the Reckless Endangering Charge.

5.    This had the effect of re-vesting jurisdiction back in the Supreme Court, which went on to consider whether the 7 year sentence violated jeopardy principles,

concluding that it did not.[2]

6.      In this "Motion for Correction of an Illegal Sentence," filed while his Rule 61 appeal was pending but before it was decided, Jackson argues that he cannot be sentenced to 7 years but may only be sentenced to 5 years – the minimum applicable to felons in possession with only one prior violent felony. The stated principles underlying this assertion are Double Jeopardy and Due Process.

7.      The Supreme Court dealt with the double jeopardy question in denying his remanded Rule 61 case. It was, and remains, denied.

8.      Jackson further claims that the Court abused its discretion by not stating the minimum mandatory term in the sentence. A Court abusing its discretion is not a claim that the sentence was illegal, the only legitimate basis upon which to move under Rule 35(b). Moreover, the minimum mandatory is simply a statement that the Court must impose at least x number of years, nothing more.[3] Whether it was stated

---

[2] *Jackson v. State*, 2025 WL 227682, at *2 (Del. Jan. 16, 2025).

[3] While not stated in his motion, the Court notes that 11 *Del. C.* 1448(e)(4) can be confusing in that the reader can see the words "Any sentence imposed for a violation of this subsection shall not be subject to suspension and no person convicted for a violation of this subsection shall be eligible for good time, parole or probation during the period of the sentence imposed." But that provision, passed by the legislature as 2007 Delaware Laws Ch. 101 (H.B. 163) was effectively superseded by the 2010 legislature which amended 11 *Del. C.* § 4381(a) to say "*all* sentences, other than a life sentence, imposed for *any* offense pursuant to *any* provision of this title, Title 16 and/or Title 21 may be reduced by good time credit under the provisions of this subchapter and rules and regulations adopted by the Commissioner of Corrections. This provision will apply *regardless* of a*ny* previously imposed statutory limitations set forth in this title, Title 16 or Title

3

out loud or not, the Court did exactly as it must by imposing at least 5 years. That is not an abuse of discretion.

9. He states that the Court violated his right to due process. Exactly how or why this is so is not well articulated, but the Court understands the Defendant to be arguing that he didn't think he'd get more than the 5 year minimum. He claims that the State continued to seek 10 years even though he was only subject to a 5 year minimum, but section 1448 is a Class C felony, carrying a 15 year maximum.[4]

10. There is indeed a due process question raised when the sentence on remand or after a second trial is greater than the sentence originally imposed. The issue is whether the Defendant was subject to some vindictiveness for asserting his rights. But that issue is not present when the same or a lesser sentence is the result.[5] Here the original sentence was 10 years, the subsequent sentence was seven. That does not trigger a due process analysis.

---

21." 2010 Delaware Laws Ch. 406 (S.B. 320). Thus, mandatory sentences under section 1448 qualify for good time irrespective of the provision of subsection (e)(4) stating otherwise.

[4] 11 *Del. C.* §4205(b)(3).

[5] *See, e.g., White v. State,* 576 A.2d 1322, 1328 (Del. 1990).

The Court, having found nothing in Defendant's Rule 35(b) motion to correct an illegal sentence, therefore denies relief.

**IT IS SO ORDERED**

<u>**/s/ Charles E. Butler**</u>
Charles E. Butler, Resident Judge

cc:    Prothonotary
Beth D. Savitz, Deputy Attorney General
Steven Jackson (SBI 00482720)