IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERRY LONGFORD-MYERS, | § | |
| | § | No. 494, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. IDs: 1008015710 |
| STATE OF DELAWARE, | § | 1104021979 |
| | § | 1205003223 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 10, 2019
Decided: June 27, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

Upon appeal from the Superior Court. **VACATED** in part and **REMANDED**.

Benjamin S. Gifford IV, Esquire, Wilmington, Delaware for Appellant Jerry Longford-Myers.

Martin B. O'Connor, Esquire, Department of Justice, Wilmington, Delaware for Appellee State of Delaware.

**TRAYNOR**, Justice:

This case has a complicated history but presents a relatively simple issue: When a Superior Court sentence order contains sentences for multiple convictions, one of which is subject to modification under Superior Court Rule 35(a) because it is illegal, may the court also modify other lawful sentences within the order when it corrects the illegal sentence? We conclude that the Superior Court may not. Accordingly, we reverse the judgment of the Superior Court and remand with instructions.

## I. BACKGROUND

Jerry Longford-Myers has had his share of encounters with the law. The portions of those encounters relevant to this case begin on August 10, 2011. On that date, Longford-Myers pleaded guilty to one count of maintaining a dwelling for keeping controlled substances,[1] and the Superior Court sentenced him to two years' imprisonment suspended for one year of probation. The remainder of this opinion refers to this case as the "2011 Maintaining Case."

Next, in a case unrelated to the 2011 Maintaining Case just mentioned, Longford-Myers pleaded guilty on November 7, 2012 to possession of a firearm during the commission of a felony[2] ("PFDCF") and drug dealing.[3] The Superior Court sentenced Longford-Myers to eight years' imprisonment suspended after three

---

[1] 16 *Del. C.* § 4760 (2011).
[2] 11 *Del. C.* § 1447A (2012).
[3] 16 *Del. C.* § 4754 (2012).

years for 18 months' probation for the PFDCF charge and 8 years' imprisonment suspended for 18 months' probation for the drug dealing charge. The remainder of this opinion refers to this case as the "2012 Firearm/Drug Dealing Case."

Then, on January 30, 2018, Longford-Myers pleaded guilty to second-degree assault. The conviction that resulted from this plea was a violation of the terms of Longford-Myers' probation sentences in the 2011 Maintaining Case and the 2012 Firearm/Drug Dealing Case.

Because of those probation violations, the Superior Court resentenced Longford-Myers on February 6, 2018. In the 2011 Maintaining Case, the Superior Court resentenced Longford-Myers to two years' imprisonment suspended after one year. In the 2012 Firearm/Drug Dealing case, the Superior Court resentenced Longford-Myers to four years' imprisonment suspended after one year for the PFDCF charge and five years' imprisonment suspended after one year for the drug dealing charge. In all, Longford-Myers received three years of non-suspended prison time at his resentencing.

On April 19, 2018, Longford-Myers moved under Superior Court Criminal Rule 35 to correct a portion of that resentencing. In particular, Longford-Myers alleged that his resentencing in the 2011 Maintaining Case was illegal because he had served all of the prison time for that conviction.

3

The State filed a response on June 1, 2018, agreeing with Longford-Myers that the resentencing in the 2011 Maintaining Case was illegal. The State separately asserted that Longford-Myers' original PFDCF sentence imposed on November 7, 2012 in the 2012 Firearm/Drug Dealing Case was also illegal because it included a suspended portion in violation of 11 *Del. C.* § 1447A(d), which provides that sentences for PFDCF convictions are not subject to suspension.

The State did not contend, however, that the violation-of-probation resentence imposed for the drug dealing charge in the 2012 Firearm/Drug Dealing Case was illegal. Nevertheless, the State asked the Superior Court to modify Longford-Myers's drug dealing resentencing to three years of unsuspended incarceration rather than the one year that the Superior Court had previously imposed as to that count. This appeared to be an effort to ensure that Longford-Myers remained in prison for the same amount of unsuspended time that he had received at the February 6, 2018 resentencing.

Finally, the State sought a slight upward modification[4] of the November 7, 2012 original sentence for the drug dealing charge even though, by virtue of the February 6, 2018 resentencing, that sentence was no longer operative.

---

[4] Specifically, the modification was from eight years' imprisonment at Level V suspended for 18 months of Level III probation to eight years' imprisonment at Level V suspended for six months at Level IV (DOC discretion) and one year of Level III probation.

4

In two orders issued in June and August 2018,[5] the Superior Court granted Longford-Myers' original motion to correct and, without giving Longford-Myers an opportunity to address the State's requests, granted the State's requested modifications as well.

Longford-Myers appeals to us, arguing that the Superior Court erred when it increased his drug dealing sentence.

## II. STANDARD OF REVIEW

This Court reviews sentence modifications for abuse of discretion.[6] Abuse of discretion occurs when, among other things, the trial judge has "ignored recognized rules of law or practice so as to produce injustice."[7]

## III. ANALYSIS

On appeal, Longford-Myers argues that, because the sentence imposed at his February 2018 resentencing for the drug dealing conviction in the 2012 Firearm/Drug Dealing Case was legal, it is outside the ambit of Rule 35(a) and thus beyond the Superior Court's power to modify. Longford-Myers also argues that the Superior Court erred in its interpretation of § 1447A and that his original sentence as to the PDFCF charge was not unlawful. In opposition, the State argues that, if

---

[5] The August 2018 order vacated and essentially restated the June 2018 order to facilitate a timely appeal.

[6] *Bell Sports, Inc. v. Yarusso*, 759 A.2d 582, 587 (Del. 2000).

[7] *Edwards v. State*, 925 A.2d 1281, 1284 (Del. 2007); *Lilly v. State*, 649 A.2d 1055, 1059 (Del. 1994); *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 570 (Del. 1988).

5

one sentence within a multi-sentence sentencing order is illegal and therefore subject to modification, then the Superior Court may also modify other sentences, including legal sentences, within that order.

The parties cite conflicting federal cases in support of their arguments. Although their decisions are not binding upon us, the federal circuit courts are split on the interpretation of the pre-1984 version of the federal Rule 35, to which our Rule 35 is an analogue.[8] For example, in United *States v. Henry*,[9] the Fifth Circuit held that it was error for the sentencing court to increase the legal portion of a defendant's sentence after vacating the illegal portion of the sentence.[10] On the other hand, in *United States v. Bentley*,[11] the Seventh Circuit held that "if illegal sentences in the original package foil the district court's original plans, the court may start anew and arrive at a punishment no more severe in aggregate than the first."[12]

---

[8] This version was amended by Pub. L. 98-473 § 215(b). It remains in effect for offenses committed prior to November 1, 1987. In 2002, the Advisory Committee on the Rules of Criminal Procedure deleted the amended version of federal Rule 35(a)—which has since been replaced by something analogous to Delaware's Rule 35(c)—because the Advisory Committee concluded that 18 U.S.C. § 3742 adequately covered the matter of illegal sentences. Appeals under § 3742 must generally be filed within 14 days of sentencing. *See Manrique v. United States*, 137 S. Ct. 1266, 1271 (2017).

[9] 709 F.2d 298 (5th Cir. 1983).

[10] *Id.* at 317; *accord United States v. Contreras-Subias*, 13 F.3d 1341, 1344 (9th Cir. 1994).

[11] 850 F.2d 327, 328 (7th Cir. 1988).

[12] *Id.*; *accord United States v. Pimienta-Redondo*, 874 F.2d 9 (1st Cir. 1994).

Because the relevant portion of the federal rule has been superseded,[13] these differing approaches will not likely be reconciled.

We also note that the precedents in our sister states are split on whether a court may modify the legal portion of a sentence when another portion is modified for illegality.[14]

Having reviewed the varying approaches to this issue, we conclude that the answer lies in the plain language of Rule 35(a), which says: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."[15] As it plainly states, Rule 35(a) allows the Superior Court to correct illegal sentences. If Rule 35(a) was intended to allow the Superior Court to modify legal sentences, it would have said so. It does not and, therefore, the Superior Court may not use it to modify legal sentences.

---

[13] *Supra* note 8.

[14] *Compare Loola v. State*, 608 P.2d 36, 37 (Alaska 1980); *Hinton v. State*, 446 So. 2d 712, 713 n.1 (Fla. Dist. Ct. App. 1984); and *Smith v. State*, 356 A.2d 320, 326 (Md. App. 1976) *to State v. Martin*, 360 N.W.2d 43, 50 (Wis. 1985) and *People v. Savala*, 195 Cal. Rptr. 193, 196–97 (Cal. Ct. App. 1983).

[15] Super. Ct. R. Crim. P. 35(a). We note that this case concerns what powers the Superior Court may exercise pursuant to Rule 35; Longford-Myers did not raise a double jeopardy claim. *Cf. White v. State*, 576 A.2d 1322, 1324–29 (Del. 1990) (after appellate review vacates convictions on one charge in a case, the Superior Court may increase sentence for remaining charges without running afoul of the Double Jeopardy Clause); *Dabney v. State*, 12 A.3d 1101, 1102 (Del. 2009).

7

As the United States Supreme Court wrote in *United States v. Pridegeon* over 100 years ago, "the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence."[16] We agree that this is still the sound rule.[17]

Because it is undisputed that the sentence imposed for the drug dealing charge at resentencing after Longford-Myers' violation of probation was legal and because the State has not alleged any other source of power for the Superior Court's orders from June and August 2018 other than Rule 35(a),[18] we find that the Superior Court abused its discretion by modifying that sentence. It is therefore unnecessary for us to decide whether 11 *Del. C.* § 1447A(d) prohibits suspended sentences.

---

[16] *United States v. Pridegeon*, 153 U.S. 48, 62 (1894).

[17] We recognize that our straightforward application of Rule 35(a) in this case results in an aggregate sentence for Longford-Myers that is more favorable to him than the aggregate sentence apparently contemplated by the sentencing judge at the February 6, 2018 resentencing. Any approach to this issue will have a cost. But we think that it is critical that the parties and sentencing judges, whether in the context of a contested sentencing or one where the State and defendant have agreed to a sentencing recommendation, take care on the front end to fashion sentences that are within the bounds of the law and that reflect a reasoned exercise of discretion within those bounds. Permitting a do-over of every component of a sentence that involves multiple convictions because the parties and the sentencing judge have misapplied the law as to one of those convictions decreases the incentive to design sentencing orders carefully in the first instance and encourages parties to think that mistakes, if and when discovered, can easily be fixed later on.

[18] The State argues that Rule 35(c) allows the Superior Court to "correct a sentence as a whole." Answering Br. 19 n.37 and accompanying text. But as the State also argues, Rule 35(c) is not applicable to Longford-Myers' case. Answering Br. 21 n.42 and accompanying text. We agree with the State's latter contention and do not address its former contention.

## IV. CONCLUSION

We conclude that the Superior Court's August 23, 2018 Corrected Violation-of-Probation Sentence Order exceeded the court's powers under Rule 35(a), and, therefore, was in error. That order is accordingly **VACATED** in part with respect to the portion pertaining to VN12-05-1017-01 (drug dealing) and the matter **REMANDED** with instructions to the Superior Court to reinstate the February 6, 2018 sentence order pertaining to VN12-05-1017-01 (drug dealing).