IN THE SUPREME COURT OF THE STATE OF DELAWARE

RYDELL MILLS, § 
§ No. 113, 2019
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID. No. 1708012318 (N)
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: August 2, 2019
Decided: October 29, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## ORDER

Upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) After a three-day trial in February 2018, a Superior Court jury found Rydell Mills guilty of drug dealing (cocaine), drug dealing (heroin), possession of drug paraphernalia, felony resisting arrest by force or violence (two counts), and loitering. After granting the State's petition to declare Mills an habitual offender as to his two convictions for resisting arrest, the Superior Court sentenced Mills as follows: (i) for drug dealing (cocaine), twenty-five years of Level V incarceration, suspended after ten years for decreasing levels of supervision; (ii) for drug dealing (heroin), fifteen years of Level V incarceration suspended after six years for eighteen

months of Level III probation; (iii) for each resisting arrest conviction, two years of Level V incarceration; (iv) for possession of drug paraphernalia, a $100 fine and six months of Level V incarceration suspended for six months of Level II probation; and (v) for loitering, a $345 fine.

(2) On appeal, this Court affirmed in part and reversed in part.[1] The Court reversed one of Mill's two convictions for resisting arrest because the second conviction violated the multiplicity doctrine.[2] The Court also reversed Mill's conviction for heroin drug dealing based on an erroneous jury instruction and remanded for a new trial, unless the State accepted entry of a conviction for the lesser-included offense of heroin possession with an aggravating factor.[3] The Court vacated Mills's sentence and remanded for further proceedings consistent with its opinion.[4]

(3) On remand, the State elected to accept the lesser-included offense and not to retry Mills for heroin drug dealing. For resentencing, the State asked, under *White v. State*,[5] the Superior Court to increase several of Mills's sentences so that he would again be sentenced to twenty years of non-suspended Level V time. Mills

---

[1] *Mills v. State*, 201 A.3d 1163 (Del. 2019).

[2] *Id.* at 1169-75.

[3] *Id.* at 1178-80.

[4] *Id.* at 1181.

[5] 576 A.2d 1322, 1324-29 (Del. 1990) (holding there was no double jeopardy or due process violation where the defendant successfully appealed one conviction and the Superior Court resentenced him within the combined duration of the original sentences imposed).

asked for imposition of the original sentences for the offenses that remained after his appeal.

(4) The Superior Court accepted the State's recommendation and resentenced Mills as follows: (i) for drug dealing (cocaine), twenty-five years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision; (ii) for heroin possession, one year of Level V incarceration; (iii) for resisting arrest, four years of Level V incarceration; (iv) for possession of drug paraphernalia, a $100 fine and six months of Level V incarceration suspended for six months of Level II probation; and (v) for loitering, a $345 fine. This is Mills's direct appeal.

(5) Mills's appellate counsel ("Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Counsel informed Mills of the provisions of Rule 26(c) and provided Mills with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Mills of his right to identify any points he wished this Court to consider on appeal. Mills informed Counsel that he did not wish to submit any points. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(6) When reviewing a motion to withdraw and an accompanying brief, this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[6]

(7) The Court has reviewed the record carefully and concludes that Mills's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Mills could not raise a meritorious claim on appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[6] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[7] The parties have not addressed what, if any effect, this Court's decision in *Longford-Myers v. State*, 213 A.3d 556 (Del. 2019) has on the issues presented on this appeal. We, therefore, have not considered that question.