IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILBUR MEDLEY, | § | |
| | § | No. 315, 2021 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1903000471 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 4, 2022
Decided: July 12, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

Upon appeal from the Superior Court. **AFFIRMED.**

Nicole M. Walker, Esquire, Office of Public Defender, Wilmington, Delaware, for Appellant, Wilbur Medley.

Brian L. Arban, Esquire, Delaware Department of Justice, Wilmington, Delaware, for Appellee, State of Delaware.

**VAUGHN**, Justice:

The Appellant, Wilbur Medley, appeals from the Superior Court's denial of his motion for sentence modification. He raises two issues. First, he contends that the Superior Court improperly delegated its sentencing authority to court administrative staff and Department of Correction ("DOC") staff. He claims DOC staff and Superior Court administrative staff amended his original sentence order to strip him of 563 days of credit time. He further claims that the sentencing judge simply signed off on the amended order without knowledge of the reason for the amendment, or that at least there is nothing in the record that indicates that the sentencing judge was aware of the reason for the amendment. His second contention is that the sentencing judge denied his right to be present with counsel for sentencing when the judge, *sua sponte* and without a hearing, issued the amended sentence. For the reasons that follow, we reject Medley's contentions and affirm the Superior Court's denial of sentence modification.

## FACTS AND PROCEDURAL HISTORY

In February 2019, a home on Vining Lane in Wilmington, Delaware was burglarized, resulting in the theft of three flat-screen televisions, keys, jewelry, and other property. An investigation led by New Castle County Police Detective Christopher Phillips culminated in the execution of a search warrant of Medley's vehicle, which contained a television stolen from the victim's home. Medley

confessed to committing the burglary with a man named "Billy."[1] Medley was indicted on charges of Burglary in the Second Degree, Conspiracy in the Second Degree, Theft, and Criminal Mischief.

On June 22, 2021, Medley pled guilty to Burglary in the Second Degree pursuant to a plea agreement. The State entered a *nolle prosequi* on the remaining charges. The State agreed to recommend a sentence of eight years of Level V incarceration, suspended after two and one-half years for 18 months of Level III probation. The Plea Agreement was silent as to credit time. In his plea colloquy, Medley stated that he "freely and voluntarily decided to plead guilty" to the charge, that he had not "been promised anything that is not stated in [his] written plea agreement," and that no one "promised [him] what [his] sentence [would] be."[2] During the colloquy, Medley confirmed that the Plea Agreement was accurate and he agreed to it knowingly, intelligently, and voluntarily. The judge accepted the plea of guilty and proceeded to impose the recommended sentence. While doing so, the judge asked the criminal case manager "Nick, what's his effective date?" The clerk responded, "We will make it effective today with 210 days of credit."[3] That was the first mention of credit time during the sentencing hearing. The judge then sentenced Medley to the recommended sentence, giving credit for 210 days previously served.

---

[1] App. to Opening Br. at A24.
[2] *Id*. at A55.
[3] *Id*. at A59.

Neither the State nor the defendant questioned the number of credit days during that court appearance.

The next day, June 23, 2021, after the DOC had been provided with a copy of the sentence worksheet, a DOC correctional records senior technician contacted the New Castle County Prothonotary's Office by email informing the Superior Court criminal case managers of the following: "The offender only earned 12 days credit time from 3/1/2019 to 3/13/2019. Could the Court please clarify where the remaining credit time comes from? The offender is currently committed on VOP's from Kent County Superior Court and Sussex County Superior Court."[4] The chief deputy prothonotary brought the email to the attention of the criminal case manager who was present during Medley's sentencing and asked him to review the DOC's inquiry.

Next, on June 25, 2021, before the Superior Court responded to DOC's request, Medley's defense counsel emailed the Superior Court criminal case manager claiming that Medley was entitled to 576 days of credit time for the following days: 3/19/2019 through 4/28/2021 (40 days); 6/9/19 through 11/9/2020 (519 days); 6/16/21 through 6/22/21 (5 days); and 3/1/19 through 3/13/19 (12 days).[5]

---

[4] *Id*. at A73.

[5] There appear to be minor discrepancies in the counting of days. For example, the number of days from 6/16/21 to 6/22/21 is actually 7 days, not 5. The number of days from 3/1/19 to 3/13/19 is actually 13 days, not 12. These minor discrepancies do not bear on our decision in this case.

4

An amended sentence order was then prepared and signed by the judge that day, giving Medley 576 days of credit time instead of the original 210 days.

On June 28, 2021, after receiving the amended sentence order, a DOC records staffer emailed the Superior Court's chief deputy prothonotary and the prothonotary's criminal managers as follows: "An amended [Automated Sentencing Order Program] order was just received changing the credit time from 210 days to 576 credit days. We can only account for credit from 3/1/19 – 3/13/19 which equals 13 days credit. Was that the court's intention?"[6] The court's case manager responded with the dates used to calculate the 576 days, which aligned with those provided by defense counsel.

The DOC records staffer then wrote back that their records showed that except for March 1 through March 13, 2019, Medley was being held on other, separate cases. These other cases included three VOP cases and two new cases that were still not resolved. The DOC employee further noted that DOC "thought that the offender could only earn time served on the particular case in question not while be held on other cases,"[7] and apologized if that belief was incorrect. The Superior Court criminal case manager responded that the Superior Court defers to the DOC in terms of where credit is applied. The criminal case manager later indicated that the

---

[6] App. to Opening Br. at A72.
[7] *Id*. at A71.

database accessible by the Court only gave them "dates and not case numbers of counts,"[8] but that the DOC had "the specific information pertaining to custody status for each case/court."[9] The case manager submitted another amended order to the judge, and on June 29, 2021, the judge approved the amended order eliminating the 576 days of credit time and giving Medley 13 days of credit time. That is the amended sentence order at issue in this appeal.

After the June 29, 2021 amended order was issued, the defendant filed a *pro se* motion and wrote letters to the court asking for the 576 days of credit time. On or about September 17, 2021, Medley's defense attorney filed a motion asking that the court modify Medley's sentence to reflect 576 days of credit time. By order dated September 23, 2021, the court denied the motions and reaffirmed its decision that Medley was entitled to only 13 days of credit time.

## STANDARD OF REVIEW

This Court generally reviews sentence modifications for abuse of discretion.[10] "Abuse of discretion occurs when, among other things, the trial judge has 'ignored recognized rules of law or practice so as to produce injustice.'"[11] Questions of law are reviewed *de novo*.[12] However, if a defendant fails to fairly present a claim in the

---

[8] *Id*. at A69.
[9] *Id*.
[10] *Longford-Myers v. State*, 213 A.3d 556, 558 (Del. 2019).
[11] *Id*. (quoting *Edwards v. State*, 925 A.2d 1281 (Del. 2007)).
[12] *Downs v. State*, 259 A.3d 1272 (Del. 2021).

trial court, it is waived on appeal absent a finding of plain error.[13] "Under the plain error standard of review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[14] Such review is "limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice."[15]

## DISCUSSION

Medley first contends that the Superior Court judge improperly delegated his judicial authority to modify a sentence to DOC personnel and court administrative staff. Medley contends that the only facts in the record as to the reasoning for the change of credit days from 210 days to 576 days to 13 days are the interpretation of the law by DOC and court administrative employees.

This first contention must be rejected because the Superior Court's docket in this case unambiguously shows that Medley was entitled to only 13 days of credit time on this case, from March 1, 2019, to March 13, 2019. Any days served above 13 days are not attributable to this case. Under Delaware law, the sentencing judge has no obligation to credit a defendant with more time than the defendant has served

---

[13] *Dickinson v. State*, 2022 WL 12099, at *2 (Del. Jan. 12, 2022).
[14] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).
[15] *Id*.

7

on the specific case. 11 *Del. C.* § 3901 imposes certain mandates on the Superior Court in sentencing defendants, and Section 3901(c) provides that "any period of actual incarceration of a person awaiting trial, who thereafter before trial or sentence succeeds in securing provisional liberty on bail, shall be credited to the person in determining the termination date of sentence." A sentencing court may satisfy Section 3901 by either "backdating" the effective date of the sentence to the date of incarceration or by crediting the defendant with time served.[16] Therefore, the sentencing judge's orders in this case met Section 3901's requirements, and the judge was not required to credit more time than the 13 days accrued for this offense. If Medley believes he has not been given credit time to which he is entitled in his other cases, he should file an appropriate motion in those cases.

Medley's second contention is that the sentencing judge denied him the right to be present with his counsel during sentencing when the judge amended his sentence order to change his credit time from 576 days to 13 days without a hearing. "It is well established that a defendant has a fundamental right to be present at the imposition of a final sentence following a criminal conviction."[17] This includes a resentencing that amends an original sentence.

When defense counsel filed the motion on or about September 17, 2021,

---

[16] *Dickinson v. State*, 2022 WL 120997, at *2 (Del. Jan. 12, 2022); *Beck v. State*, 2019 WL 2153313, at *1 (Del. May 15, 2019).
[17] *Jones v. State*, 672 A.2d 554, 555 (Del. 1996).

asking that the court modify Medley's sentence to reflect 576 days of credit time, counsel did not request that the motion be heard in open court with the defendant present. After the court issued its September 23, 2021 order denying the motion, defense counsel did not submit a request that the motion be reheard with the defendant present. Since the issue now raised on appeal was not raised below, we believe it should be reviewed for plain error. Under plain error review, the matter complained of must be an error which is so clearly prejudicial to substantial rights that the fairness and integrity of the preceding is jeopardized. In this case, the only change to Medley's sentence order was the correction of his credit time to the 13 days, which the record shows beyond dispute to be the correct credit time. The amended order did not alter the Level V term of two and one-half years and did not change any special condition of supervision. Under these circumstances, we do not believe it can be said that the fairness and integrity of the proceeding was jeopardized. For this reason, we are not inclined to order a remand for a new sentencing.

## CONCLUSION

For the foregoing reasons, the judgment of the Superior Court is AFFIRMED.

9