IN THE SUPREME COURT OF THE STATE OF DELAWARE

REGINALD HARRIS, §
§ No. 87, 2022
   Defendant Below, §
   Appellant, § Court Below- Superior Court
§ of the State of Delaware
   v. §
§ Cr. ID. No. 0402010364A(N)
STATE OF DELAWARE, §
§
   Appellee. §

Submitted: September 13, 2023
Decided: September 26, 2023

Before **SEITZ**, Chief Justice; **TRAYNOR**, and **GRIFFITHS**, Justices.

## **ORDER**

On this 26th day of September, 2023, after consideration of the briefs and the record below, it appears to the Court that:

(1)    In 2004, a Superior Court jury convicted Reginald Harris of multiple drug and weapon offenses. The court granted the State's motion to declare Harris an habitual offender and sentenced Harris to eighty years and three months of Level 5 incarceration.  We affirmed his convictions on direct appeal[1] and affirmed the denials of postconviction relief.[2]

---

[1] *Harris v. State*, 2005 WL 2219212 (Del. Aug. 15, 2005).
[2] *Harris v. State*, 2008 WL 313773 (Del. Jan. 31, 2008); 2014 WL 3883433 (Del. July 29, 2014).

(2)     In 2019, Governor John C. Carney, Jr. commuted Harris's sentence to 25 years of Level 5 incarceration, followed by decreasing levels of supervision.[3] Harris then filed a *pro se* motion for a certificate of eligibility and sought the modification or reduction of his sentence under 11 *Del. C.* § 4214(f).  Although the State initially supported the motion, it changed its position and opposed the motion after the Court questioned whether Harris met the statutory eligibility requirements.

(3)     After Harris secured counsel, his attorney filed an omnibus motion requesting (a) a certificate of eligibility; (b) correction of an illegal sentence under Superior Court Criminal Rule 35; and (c) a sentence modification for early release due to medical issues.  Harris also argued that the State was judicially estopped from changing its prior position that he met the statutory requirements for a certificate of eligibility.

(4)     The Superior Court denied the omnibus motion.[4]  First, it held that Harris failed to meet all the elements of judicial estoppel.  Thus, the State could argue that Harris did not qualify for a certificate of eligibility.  Next, the court found that, among other reasons, Harris did not meet Section 4214(f)'s type of sentence requirement because Harris was no longer serving an habitual offender sentence due to the Governor's commutation.  It also held that Harris did not meet the statute's

---

[3] App. to Opening Br. at A0101.
[4] *State v. Harris*, 2022 WL 472518 (Del. Super. Ct. Feb. 14, 2022).

time-served requirement because he had not served the required minimum sentence. Finally, the Superior Court found that his sentence was not illegal and refused to modify it because Harris's medical concerns could be addressed by other means.

(5)     Harris makes four arguments on appeal: (a) the State was judicially estopped from contesting his sentence modification; (b) he was eligible for sentence modification; (c) his original sentence was illegal; and (d) his medical condition should have been sufficient for sentence modification and early release. "This Court reviews sentence modifications for abuse of discretion" which occurs when "the trial judge has 'ignored recognized rules of law or practice so as to produce injustice.'"[5] Whether judicial estoppel applies is a question of law and is reviewed *de novo*.[6] The legality of a sentence is reviewed *de novo*.[7]

(6)     We are unpersuaded by Harris's arguments and affirm the Superior Court's judgment.  First, Harris concedes on appeal that he failed to satisfy the elements of judicial estoppel.[8]  Second, under Section 4214(f), a person sentenced "to a minimum sentence of not less than the statutory maximum penalty for a violent

---

[5] *Longford-Myers v. State*, 213 A.3d 556, 558 (Del. 2019).
[6] *Motorola Inc. v. Amkor Tech., Inc.*, 958 A.2d 852, 859 (Del. 2008) (citing *B.F. Rich & Co. v. Gray*, 933 A.2d 1231, 1241 (Del. 2007)).
[7] *Jones v. State*, 298 A.3d 667 (Del. 2023) ("We review the denial of a motion for correction of illegal sentence for abuse of discretion. To the extent a claim involves a question of law, we review the claim *de novo.*") (citing *Fountain v. State*, WL 4102069, at *1 (Del. Aug. 19, 2014).
[8] Opening Br. at 18 ("The trial court correctly held that Appellant did not satisfy all of the element of judicial estoppel…."). *See also Banther v. State*, 977 A.2d 870, 884-85 (Del. 2009) (judicial estoppel "is narrowly construed and is rarely applied against the government in criminal prosecutions.").

3

felony pursuant to subsection (a) of this section, or a life sentence pursuant to subsection (b) of this section" may petition the Superior Court for sentence modification after he has "served a sentence of incarceration equal to any applicable mandatory sentence."[9] In other words, petitioners must satisfy two requirements to be eligible for sentence modification. The first requirement, the type of sentence served, limits Section 4214(f) relief to defendants serving an habitual offender sentence as defined under Section 4214(f) and the amended Special Rule 2017-1.[10] The second requirement, the time served, requires petitioners to show that they served the minimum sentence.

(7) For the first requirement, Harris's sentence was commuted by the Governor. He is no longer an habitual offender serving an habitual-offender sentence. The second requirement – time served – is calculated by applying the current version of Section 4214(a)(b)(c) or (d) to Harris's conviction history. Although Harris argues that he met the time served requirement because he had served the minimum sentence for all of the felonies listed in the State's habitual offender motion (twelve and a half years), the court was required to consider his

---

[9] 11 *Del. C.* § 4214(f).

[10] Order Amending Special Rule of Criminal Procedure 2017-1 For Review of A Request To Modify A Habitual Offender Sentence (Del. Super. Ct. Spec. R. 2017-1(3)) ("The remedy afforded by this rule may not be sought to further reduce or modify any sentence that was previously altered, reduced, or modified by pardon, commutation of sentence, reprieve, remission, or any other act of executive clemency.").

complete criminal history.[11]  Harris's 1986 Assault Second Degree conviction resulted in a twenty-five year minimum mandatory sentence.[12]  His fifteen and a half years of time-served was insufficient.

(8)    Harris also argues that his habitual offender sentence was illegal because one of his prior convictions, assault second degree, occurred after he was convicted, but before he was sentenced on the first Possession With Intent To Deliver conviction.  He relies on *State v. Hicks*, where the Superior Court explained that "[i]n order to be sentenced as an habitual offender, a defendant must have prior separate qualifying convictions to serve as the predicate offenses, with some chance for rehabilitation after each sentencing."[13]  But the State did not rely on the assault second degree conviction in its habitual offender motion.  At least for the habitual offender sentence Harris received, he had some chance of rehabilitation between each sentence and each conviction listed in the habitual offender motion.

(9)    Finally, Harris points to his health concerns and claims that they warrant a sentence modification and his release from prison.  Under Superior Court

---

[11] *State v. Lewis*, 2018 WL 4151282 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 211 A.3d 137 (Del. 2019) (stating that a court sometimes must look outside the original habitual offender motion "because statutory tiering under the revised Habitual Criminal Act" requires the court to determine whether "prior convictions [] will justify enhanced punishment").

[12] The Superior Court concluded that "it is undisputed that Mr. Harris was convicted of three separate and successive felonies before his current PFDCF conviction: Burglary Third Degree (1984), Assault Second Degree (1986), and Maintaining a Vehicle (1994)." *Harris*, 2022 WL 472518 at *4.  Under Section 4214(c), Harris is required to serve a twenty-five year minimum mandatory sentence for the three felony convictions.

[13] 2010 WL 3398470 (Del. Super. Ct. Aug. 17, 2010), aff'd, 15 A.3d 217 (Del. 2011).

Criminal Rule 35(b), the court may consider a motion to reduce a sentence only if such modification is made within ninety days after the sentence is imposed, or after ninety days only upon either a showing of extraordinary circumstances or through 11 Del. C. § 4217.[14]  A petitioner has ninety days to file a sentence modification motion.  After that, the petitioner must show extraordinary circumstances to warrant relief.  Extraordinary circumstances are "those which specifically justify a delay; are entirely beyond a petitioner's control; and have prevented the applicant from seeking the remedy on a timely basis."[15]  Harris's motion was filed outside of the ninety-day window, and the circumstances are not so extraordinary to justify modification.  As the Superior Court correctly pointed out, 11 *Del. C.* § 4217, rather than Rule 35, is the proper vehicle to seek modification based on medical reasons.[16]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Chief Justice

---

[14] Super. Ct. Crim. R. 35(a).
[15] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) (internal quotes and citations omitted).
[16] *Johnson v. State*, 2020 WL 5626231, at *2 (Del. Sept. 18, 2020).